# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

HAKIMAH JABBAR,

    Plaintiff,                               :         Case No. 2:19-cv-1135

  -vs-                                       Judge Sarah D. Morrison
                                            Magistrate Judge Elizabeth Preston Deavers

UNITED STATES POSTAL SERVICE,
                                            :

    Defendant.

## **OPINION AND ORDER**

This matter is before the Court upon Defendant United States Postal Service's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim (ECF No. 4), Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 8), and Defendant's Reply in Support of its Motion to Dismiss (ECF No. 11). For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's Complaint.

## I.    FACTUAL ALLEGATIONS

Plaintiff Hakimah Jabbar alleges that beginning in January 2018, she has been repeatedly accosted and badgered by Defendant United States Postal Service ("USPS") in different forms, "ranging from mail theft to leaving mail not in [the] designated box." (Compl., p. 1, ECF No. 2). Specifically, Plaintiff makes the following allegations of wrongdoing: (1) delayed delivery of a "baptism record and a envelope containing will and trust" for approximately 30 days; (2) a returned green card to the wrong address, "ignoring protocol;" (3) a USPS mailhandler threw a green card on the ground near Plaintiff's residence; (4) deleted tracking data from USPS's website verifying delivery; (5) a USPS mailhandler crossed Plaintiff's lawn, ignoring signs and

1

barriers; (6) several missing pieces of mail; (7) harassment; (8) mail placed on Plaintiff's porch and other locations not designated to receive mail; and (9) delayed delivery of several additional pieces of mail for approximately three weeks. (Compl., ¶¶ 1–9).

On February 5, 2019, Plaintiff filed a *pro se* complaint in the Court of Common Pleas in Franklin County reciting the above factual allegations. (ECF No. 1-1). Plaintiff sought damages "in excess of [$]10,000 for loss of consortium, punitive damages and reimbursement for monies lost." (*Id.* at p. 4). On March 27, 2019, Defendant removed[1] the case to this Court pursuant to 28 U.S.C. §§ 1442 and 2679(d)(2). (ECF No. 1). On the same day, Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (ECF No. 4). Plaintiff filed her Response on April 15. (ECF No. 8). Defendant filed its Reply on April 29. (ECF No. 11). Defendant's Motion to Dismiss is now ripe for review.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading[,]" and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (internal quotations omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*,

---

[1] On April 15, 2019, Plaintiff filed a "Response to Notice of Removal." (ECF No. 7). To the extent Plaintiff argues that there is no "basis" for removal, her argument is without merit. Plaintiff's suit against the USPS constitutes an action that is "against or directed to . . . The United States or any agency thereof or any officer . . . of the United States or any agency thereof," under 28 U.S.C. § 1442(a)(1).

816 F.3d 383, 387 (6th Cir. 2016). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). This case involves the former.

When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Roulhac v. Sw. Reg'l Transit Auth.*, No. 07CV408, 2008 WL 920354, at *2 (S.D. Ohio Mar. 31, 2008).

### III. ANALYSIS

In its Motion, Defendant argues that the Complaint should be dismissed for lack of subject matter jurisdiction because (1) the USPS is immune from suit absent Congress' express waiver of sovereign immunity; and (2) Plaintiff has failed to exhaust her administrative remedies as to any tort claims not arising from the transmission of mail. (Mot. Dismiss, 3–4, ECF No. 4). The Court agrees.[2]

Pursuant to 39 U.S.C. § 201, the USPS is "an independent establishment of the executive branch of the Government of the United States[.]" As such, the USPS "enjoys federal sovereign immunity absent a waiver." *Dolan v. USPS,* 546 U.S. 481, 484 (2006). "Sovereign immunity is jurisdictional in nature . . . [and] the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (internal quotations omitted). Although the Federal Tort Claims Act ("FTCA")—which applies to tort claims arising out of activities of the USPS—provides a waiver of sovereign immunity as to the USPS in some cases, it also qualifies 13 categories of claims for which the United States

---

[2] The Court declines to address Defendant's third argument regarding the derivative jurisdiction doctrine. (Mot. Dismiss, 6, ECF No. 4).

may never be sued. 28 U.S.C. §§ 1346, 2674, 2680. One of these categories includes "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id*. § 2680(b).

In the instant case, the Court construes the majority of Plaintiff's claims (Compl., ¶¶ 1–4, 6, 8–9) as tort actions against the USPS for the "loss, miscarriage, or negligent transmission of letters or postal matter." *Id*. As set forth above, the United States, and consequently the USPS, maintains sovereign immunity for the alleged negligent mishandling of mail. There is nothing before the Court to suggest the United States has waived its grant of sovereign immunity.

Additionally, before a Plaintiff may bring an action under the FTCA against the United States that does not arise from the transmission of mail, she must first comply with the administrative requirement. Pursuant to 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United State for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

"The filing of an administrative claim is jurisdictional and is an absolute, non-waivable prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful acts of a federal employee." *Tornichio v. U.S.*, 263 F. Supp. 2d 1090, 1099 (N.D. Ohio 2012) (citing *McNeil v. U.S.*, 508 U.S. 106 (1993) and *Conn v. U.S.*, 867 F.2d 916 (6th Cir. 1989)).

With regards to Plaintiff's claims for "harassment" and "crossing [her] lawn deliberate[ly] after posting of no passing/crossing signs and putting up barriers to stop lawn traffic" (Comp., ¶¶ 5, 7), there is nothing in the Complaint or Plaintiff's Response (ECF No. 8) to suggest that she has exhausted her administrative remedies as to these torts allegedly

4

committed by a USPS mail handler acting within the scope of their employment. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED.** (ECF No. 4). The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

 /s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE